UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN D. WARD,
          Plaintiff,

v.

                                    Case No. 8:17-cv-802-T-24 MAP

TRIPLE CANOPY, INC.,
          Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Triple Canopy, Inc.'s ("Triple Canopy")

Motion to Dismiss Plaintiff John D. Ward's Amended Complaint (Doc. 15), Ward's response in

opposition (Doc. 22), and Triple Canopy's reply to Ward's response (Doc. 25). For the reasons

that follow, Triple Canopy's Motion to Dismiss is GRANTED with leave to amend Counts I and

III.

### I.      Background

On December 22, 2016, Ward filed his initial complaint in this matter in state court,

alleging one count of defamation *per se*. (Doc. 1). After removing this action, Triple Canopy

moved to dismiss. (Docs. 1, 5). In lieu of filing a response in opposition to this motion, Ward

filed an amended complaint on May 8, 2017. (Doc. 12).

Ward, a former employee of Triple Canopy, alleges the following in his amended

complaint (Doc. 12): Ward was terminated by Triple Canopy, a corporation that provides

integrated security and mission support services to the U.S. Government, after being falsely

accused of sending an email to warn personnel of the exact time, date, and location of an

upcoming health, safety, and welfare inspection. Triple Canopy then published this false

information by providing it to the U.S. Department of State, as well as other entities and/or

1

prospective employers of Ward. As a result, the Department of State issued a loss of confidence

letter that impeded Ward's ability to obtain future employment with the Government. Further,

Ward has been unable to obtain employment with a number of law enforcement agencies,

including two in the state of Washington, because Triple Canopy furnished these agencies with

the false information regarding his termination sometime in 2015. Additionally, the U.S.

Department of Energy chose not to hire Ward in October 2015 because it received the same false

information from Triple Canopy during its hiring process, which began in January 2015.

Based on these facts, the amended complaint contains counts for defamation *per se*

(Count 1), negligence (Count II), and injunctive relief (Count III). Triple Canopy now moves to

dismiss the amended complaint in its entirety pursuant to Federal Rule of Civil Procedure

12(b)(6). (Doc. 15).

## II.     Standard of Review

A court considering a motion to dismiss must view the complaint in the light most

favorable to the plaintiff. *See Murphy v. FDIC*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby*

*v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). Federal Rule of Civil Procedure 8(a)(2)

requires a complaint to contain a short and plain statement of the claim showing the pleader is

entitled to relief in order to give the defendant fair notice of what the claim is and the grounds

upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his

claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true,

to state a plausible claim for relief. *Id.* If those well-pleaded facts "do not permit the court to

infer more than the mere possibility of misconduct," the complaint stops short of showing the plaintiff is entitled to relief. *Id.* at 679. While a court must assume that all of the factual allegations in the complaint are true, that assumption is inapplicable to legal conclusions, *id.* at 678, and a court "may dismiss a complaint on a dispositive issue of law." *Acosta v. Campbell*, 309 F. App'x 315, 318 (11th Cir. 2009) (per curiam).

The standard on a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). The door to discovery will not open for a plaintiff "armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678–79, and dismissal is proper when "no construction of the factual allegations will support the cause of action." *Marshall Co. Bd. of Educ. v. Marshall Co. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Furthermore, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682) (alteration in original).

### III.     Discussion

#### A.     Count I: Defamation *Per Se*

Triple Canopy argues that Ward has failed to plead sufficient facts to state a plausible basis for his defamation cause of action in Count I. In order to establish a cause of action for defamation under Florida law, a "plaintiff must show that (1) the defendant published a false statement about the plaintiff, (2) to a third party, and (3) the falsity of the statement caused injury to the plaintiff." *Razner v. Wellington Reg'l Med. Ctr., Inc.*, 837 So. 2d 437, 442 (Fla. 4th DCA

2003) (citation omitted). Moreover, a plaintiff must allege certain facts such as "a description of the statement," *Fowler v. Taco Viva, Inc.*, 646 F. Supp. 152, 157 (S.D. Fla. 1986), "specifically identify the persons to whom the allegedly defamatory comments were made," *Jackson v. N. Broward Cnty. Hosp. Dist.*, 766 So. 2d 256, 257 (Fla. 4th DCA 2000), and identify "the time frame in which the publication occurred." *Brehm v. Seminole Towne Ctr. Ltd. P'ship*, 6:11–CV– 965–28GJK, 2012 WL 405415, at *9 (M.D. Fla. Jan. 12, 2012), *adopted by* 2012 WL 405387 (M.D. Fla. Feb. 9, 2012).

Triple Canopy argues that Ward's defamation count fails to state a claim because Ward (1) fails to identify the false information published by Triple Canopy, (2) fails to identify the person or entity to whom the defamatory statements were made, and (3) fails to provide a time frame within which the defamatory publications were made. As explained below, the Court dismisses Count I without prejudice.

### 1.    Substance of the False Information

In the amended complaint, Ward claims that he "received a written counseling wherein he was falsely accused of sending out the e-mail on February 21, 2013, to warn personnel of the exact time, date and location of the health, safety and welfare inspection in violation of the governing contractual obligations." (Doc. 12, ¶ 20). Ward later asserts that "the false information" was published to the Department of State as well as other entities and prospective employers. (Doc. 12, ¶24). Based on these allegations, Triple Canopy argues it cannot determine the substance of the statements that Ward claims are defamatory.

While Ward's amended complaint is certainly not a model of clarity, it is sufficient to give Triple Canopy fair notice of the substance of the alleged defamatory statements. The amended complaint identifies the defamatory statements as the false accusations regarding the

4

health, safety, and welfare inspection. Ward then asserts this was the defamatory information published to various entities. Thus, the Court concludes the amended complaint is sufficiently pleaded as to the substance of the defamatory statements.

> **2.      Identity of the Person or Entity to Whom the Defamatory Statements Were Made**

Triple Canopy further argues that Ward's amended complaint must be dismissed because Ward fails to identify the person or entity to whom the defamatory statements were made. In the amended complaint, Ward states that the alleged defamatory statements were published to (1) the Department of State, (2) the Department of Energy, (3) "a number of law enforcement agencies, including two [] in Washington State," and (4) "other entities and/or prospective employers." (Doc. 12, ¶¶ 23, 25, 26). In his response, Ward states he is currently unaware of the specific individuals or departments at these entities that received the published information but that this information will be obtained during discovery. Thus, Ward contends he has adequately pleaded the identities of the persons or entities to whom the defamatory statements were made.

Under Florida law, a defamation plaintiff must plead the "identity of the particular person to whom the remarks were made with a reasonable degree of certainty" to afford the defendant "enough information to determine affirmative defenses." *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981) (citing *Burnham v. State*, 20 So. 548 (Fla. 1896)). The Court finds that the Department of State and the Department of Energy are sufficiently identified in the amended complaint. However, Ward's allegations as to the "law enforcement agencies" and other "entities and/or prospective employers" are deficient. Certainly Ward is aware of the specific law enforcement agencies and other prospective employers to which he applied. In his amended complaint, Ward shall identify each entity to which he alleges

Triple Canopy published the defamatory statements.

### 3.      Time Frame Within Which the Alleged Defamatory Publications Were Made

Triple Canopy argues that Ward's amended complaint is deficient in that it fails to provide a time frame within which the defamatory publications were made. As explained above, Ward alleges that the defamatory information was published to (1) the Department of State, (2) the Department of Energy, (3) "a number of law enforcement agencies, including two [] in Washington State," and (4) "other entities and/or prospective employers."

The Department of Energy is the only entity for which Ward sufficiently identifies the time frame within which the defamatory statements were made. Ward asserts that Triple Canopy provided the defamatory statements to the Department of Energy sometime between January 2015 (the beginning of the Department of Energy's hiring process) and October 2015 (when Ward was notified he would not be hired). This level of specificity provides Triple Canopy with the outer bounds of when the defamatory information was allegedly published and is sufficient to survive a motion to dismiss. In his second amended complaint, Ward shall provide at least this level of specificity for each of the remaining entities.

### B.      Count II: Negligence

Next, Triple Canopy argues that Ward's negligence claim (Count II) should be dismissed because it violates Florida's single action rule. In *Kinsman v. Winston*, No. 6:15-cv-696-Orl-22GJK, 2015 WL 12839267, at *5 (M.D. Fla. 2015), this Court explained the single action rule as follows:

> Florida's single action rule prohibits defamation claims from being re-cast as additional, separate torts, e.g., intentional infliction of

emotional distress, if all of the claims arise from the same defamatory publication. *Tobinick v. Novella*, No. 9:14–CV–80781, 2015 WL 328236 at \*11 (S.D. Fla. Jan. 23, 2015). In other words, "[w]hen claims are based on analogous underlying facts and the causes of action are intended to compensate for the same alleged harm, a plaintiff may not proceed on multiple counts for what is essentially the same defamatory publication or event." *Id.* (quoting *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014)) (alteration added). "Under these circumstances, courts have dismissed the offending counts." *Id.* (citing *Klayman*, 22 F. Supp. 3d at 1255– 57). The underlying rationale is that all of the "injuries resulting from [a single publication] are merely items of damage arising from the same wrong." *Id.* (quoting *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So.2d 204, 208 (Fla. 4th DCA 2002)) (alteration added).

Ward alleges in Count II that Triple Canopy was negligent because it breached its duty not to provide false, inaccurate, or misleading information to any of Ward's prospective employers. This is simply a recasting of Ward's defamation claim because it is based on the same defamatory statements and seeks compensation for the same alleged harm. Therefore, Ward's negligence claim is barred by Florida's single action rule. Count II of Ward's amended complaint is dismissed with prejudice.

### C.      Count III: Injunctive Relief

In Count III, Ward seeks temporary and permanent injunctive relief. Ward states that by publishing false, misleading, and inaccurate information to the Department of State and other potential employers, Triple Canopy is causing him irreparable harm. Thus, Ward seeks an injunction (1) requiring Triple Canopy to take whatever necessary actions to retract the false information within the counseling statement as well as to cause the retraction of the loss of confidence letter issued by the Department of State, and (2) enjoining Triple Canopy from taking any further action that harms or attempts to harm the Ward's career. Triple Canopy argues that Count III should be dismissed because injunctive relief is not available to prohibit the making of

7

defamatory statements under Florida law and, even if it were, Ward has not established the requisite elements for injunctive relief.

Typically, "[i]n the absence of some other independent ground for invoking equitable jurisdiction, equity will not enjoin either an actual or threatened defamation," and "a complainant is typically left to his or her remedy at law." *Weiss v. Weiss*, 5 So. 3d 758 (Fla. 5th DCA 2009) (citations omitted). While Florida case law has not specifically identified what type of independent grounds are sufficient to invoke equitable jurisdiction in a defamation case, this Court has concluded that if "an action at law would not be a complete, prompt and efficient remedy, an injunction may issue." *Saadi v. Maroun*, No. 8:07-cv-1976-T-24-MAP, 2009 WL 3617788, at *1 (M.D. Fla. Nov. 2, 2009) (quoting *Wynn Oil Co. v. Purolator Chem. Corp.*, 536 F.2d 84, 86 (5th Cir. 1976)).

However, the Court must also consider the "sensitive First Amendment issues presented in the context of [] injunctions in defamation cases." *e360 Insight v. Spamhaus Project, Ltd.*, 500 F.3d 594, 605 (7th Cir. 2007); *see also Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 176 (2d Cir. 2001) ("[P]rior restraints are 'the most serious and the least tolerable infringement on First Amendment rights.' When a prior restraint takes the form of a court-issued injunction, the risk of infringing on speech protected under the First Amendment increases.") (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)).

Taking these concerns into account, this Court has previously held that a narrowly tailored injunction prohibiting speech already found defamatory by the jury is not an invalid prior restraint when a judgment for monetary damages would not afford the plaintiff effective relief from a continuing pattern of defamation. *Saadi*, 2009 WL 3617788, at *23 (citing *Balboa Island Vill. Inn, Inc. v. Lemen*, 40 Cal. 4th 1141, 57 Cal. Rptr. 3d 320, 156 P.3d 339 (2007)

8

(distinguishing between an injunction preventing someone from making a statement that is allegedly defamatory from an injunction preventing someone from repeating or republishing a statement that a jury has already found to be defamatory)).

It is unclear to the Court whether Count III seeks a temporary restraining order, a preliminary injunction, a permanent injunction, or all three. To the extent that Ward is seeking a preliminary injunction or a temporary restraining order, his request is procedurally improper. *See* Local Rules 4.05 and 4.06; *Gunder's Auto Ctr. v. State Farm Ins.*, 617 F. Supp. 2d 1222, 1225 (M.D. Fla. 2009). Moreover, this Court finds that there are no circumstances here to justify overriding the strong public interest against imposing a prior restraint on speech and issuing a temporary restraining order or preliminary injunction as to speech that has not yet been found defamatory. Accordingly, to the extent Count III seeks a temporary restraining order or preliminary injunctive relief, Triple Canopy's Motion to Dismiss is granted with prejudice.

Ward, however, has adequately pleaded the requisite elements for a permanent injunction. *See Cnty. of Monroe, Fla. v. Priceline.com, Inc.*, No. 09-10004, 2009 WL 4890664, at *6 (S.D. Fla. Dec. 17, 2009) ("To obtain a permanent injunction under Florida law, a plaintiff must 'establish a clear legal right [to the relief requested], an inadequate remedy at law, and that irreparable harm will arise absent injunctive relief.'") (quoting *Liberty Counsel v. Fla. Bar Bd. of Governors*, 12 So. 3d 183, 186 n.7 (Fla. 2009)). Taking Ward's allegations as true, as required on a motion to dismiss, Count III states a plausible claim for permanent injunctive relief if the alleged false information proves to be defamatory. However, the Court notes that Ward's request that Triple Canopy be "enjoined from taking any further action which harms or attempts to harm the career" of Ward is overbroad because it would prohibit more speech than just that found to be defamatory, and Ward needs to narrow this request. Consequently, to the extent Count III seeks a

9

permanent injunction, Triple Canopy's Motion to Dismiss is granted, with leave to amend.

## IV.    Conclusion

Accordingly, it is hereby ORDERED AND ADJUDGED that Triple Canopy's Motion to

Dismiss is GRANTED as follows:

1.    Count I (defamation *per se*) is DISMISSED WITHOUT PREJUDICE. Ward may file a second amended complaint by August 15, 2017 that complies with this Order.

2.    Count II (negligence) is DISMISSED WITH PREJUDICE.

3.    Count III (injunctive relief), to the extent it seeks a temporary restraining order or preliminary injunction, is DISMISSED WITH PREJUDICE. Count III, to the extent it seeks a permanent injunction, is DISMISSED WITHOUT PREJUDICE. Ward may file a second amended complaint by August 15, 2017 that narrows the scope of the requested permanent injunction as set out above.

**DONE** and **ORDERED** at Tampa, Florida, this 25th day of July, 2017.


_____

SUSAN C. BUCKLEW
United States District Judge